NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-340

THE PEOPLE'S FREEDOM ENDEAVOR & another[1]

vs.

COMMISSIONER OF THE DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, an unincorporated association and a nonprofit corporation with members who have children in various public schools throughout the Commonwealth, appeal a Superior Court judge's order denying their request for a preliminary injunction prohibiting the Department of Elementary and

---

[1] Children's Health Rights of Massachusetts, Inc. Other plaintiffs named in the six complaints that were consolidated in the Superior Court are not before us in this appeal.

[2] Board of Elementary and Secondary Education, Department of Elementary and Secondary Education, Andover public school district, Attleboro public school district, Cambridge public school district, Carver public school district, city of Cambridge, Easton public school district, Franklin public school district, Hingham public school district, Northborough public school district, Northborough-Southborough regional public school district, Sandwich public school district, Southborough public school district, Tewksbury public school district, Tyngsborough public school district, and West Bridgewater public school district.

Secondary Education (department), the Board of Elementary and Secondary Education (board), and various public school districts[3] from requiring most public school students to wear masks while attending public schools indoors.[4] Concluding that the issues are moot and the circumstances do not warrant reaching the merits, we dismiss the appeal.[5]

Background. On August 25, 2021, in response to health and safety concerns due to the COVID-19 pandemic, the department issued a Statewide school mask mandate requiring all public school students at least five years old and all staff "to wear masks indoors" that "cover an individual's nose and mouth."[6] Several local school districts also issued mask mandates. The Statewide school mandate expired on February 28, 2022, and there is no indication in the record that any of the defendant school

---

[3] The school districts mentioned in note 2, supra, plus the Bridgewater-Raynham regional school district, Dover public school district, Dover-Sherborn regional school district, Sherborn public school district, and town of Dover.
[4] Children's Health Rights of Massachusetts also sought a preliminary injunction against the city of Cambridge, challenging Cambridge's city-wide indoor mask mandate requiring members of the public to wear masks while inside public venues.
[5] The city of Cambridge argues that Children's Health Rights of Massachusetts lacked standing because it failed to allege any member harmed by the city's mask order. Although it appears that this argument has force, we do not reach it because we decide this appeal on mootness grounds.
[6] The city of Cambridge implemented its mask mandate on September 3, 2021.

districts or municipalities still have local mask mandates in place.[7]  The mandates triggered a series of lawsuits.

On September 20, 2021, the People's Freedom Endeavor and the Family Freedom Endeavor, Inc., jointly filed a complaint in Hampden Superior Court on behalf of certain parents of school-aged children in Massachusetts seeking to enjoin the department from implementing the mask requirement.  Over the next two days, additional plaintiffs filed five similar lawsuits that also included related local school mask requirements.  The Children's Health Rights of Massachusetts filed complaints in Norfolk, Bristol, and Plymouth Superior Courts.  The fourth case was brought in Middlesex Superior Court on behalf of eleven parents and their children.  Citizens for Medical Freedom, Inc., a nonprofit corporation, brought the fifth suit in Norfolk Superior Court.

The claims against the department and the board alleged that the State lacked authority to issue the Statewide school mask requirement and that the Statewide and local mask requirements were "preempted" by statutory provisions conferring authority on the Department of Public Health to regulate infectious diseases.  The complaints that included local towns and municipalities also alleged that the Statewide mask

---

[7] The city of Cambridge mask order expired on March 13, 2022.

3

requirement and local requirements violate parents' right to due process and natural rights under the Massachusetts Constitution by interfering with their ability to make "healthcare decisions" and otherwise direct the upbringing of their children.

On October 12, 2021, all six actions were consolidated for hearing in Hampden Superior Court. On November 16, 2021, a Superior Court judge denied plaintiffs' collective motions for preliminary injunction, finding that plaintiffs failed to demonstrate that they were likely to succeed on the merits of their claims or that they had suffered or would suffer irreparable harm. The People's Freedom Endeavor, Children's Health Rights, and Citizens for Medical Freedom filed timely notices of appeal.[8] Children's Health Rights and Citizens for Medical Freedom also filed petitions under G. L. c. 231, § 118, first par., seeking review of the judge's decision by a single justice of this court. On January 25, 2022, the single justice denied the petition in a detailed memorandum and order addressing all the parties' substantive claims. The single justice ultimately determined that the plaintiffs failed to

---

[8] Neither the Family Freedom Endeavor nor the individual parent plaintiffs appealed. Although Citizens for Medical Freedom filed a notice of appeal, it failed to file a brief and accordingly is not a party to the present appeal. See Mass. R. A. P. 19 (e), as appearing in 481 Mass. 1642 (2019).

4

sustain their burden to show a likelihood of success on the merits.

Discussion. 1. Mootness. "[L]itigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome" (citation omitted). Lynn v. Murrell, 489 Mass. 579, 582 (2022) (challenge to emergency executive orders imposing Statewide mask mandate in public places became moot when orders rescinded). "A party no longer has a personal stake in a case where a court can order no further effective relief" (quotations and citation omitted). Id. We agree with the defendants' argument that this appeal should be dismissed as moot. The State and local mask requirements that the plaintiffs seek to enjoin are no longer in effect. Thus, there is nothing to enjoin.

b. Discretion to decide the issues. In reaching our conclusion, we reject the plaintiffs' argument that we should exercise our discretion to decide the issues despite their mootness. "[D]ismissal for mootness may be inappropriate if the situation presented is capable of repetition, yet evading review" (quotation and citation omitted). Boelter v. Selectmen of Wayland, 479 Mass. 233, 238 (2018). "In such circumstances, we do not hesitate to reach the merits of cases that no longer involve a live dispute so as to further the public interest" (citation omitted). Id. Among the factors we consider in

determining whether to decide a moot issue are the likelihood that the question will "arise again in similar factual circumstances" and, if so, whether "appellate review could not be obtained before the recurring question would again be moot." See Ott v. Boston Edison Co., 413 Mass. 680, 683 (1992).

Here, the plaintiffs' argument that the department's extensions of its original order, as it faced an ongoing and acute public health crisis in 2021, presages a reinstatement of mask mandates now or in the future "overlooks the changes in both the factual and legal landscape of the COVID-19 pandemic." Lynn, 489 Mass. at 585. In Lynn, the Supreme Judicial Court (SJC) noted that the contested emergency orders were "issued to address an earlier variant of COVID-19 at a time when the State had a limited number of protective measures at its disposal[, but] [m]easures now available include multiple types of COVID-19 tests, vaccines, and COVID-19 treatments that can be administered at home." Id. The SJC reasoned that "[t]hese changes suggest that the factual underpinnings of the dispute have so changed or are likely to so change as to make an appellate decision a useless and inappropriate exercise" (quotations and citation omitted). Id. As we analyze the potential resurrection of mask requirements in public schools, yet another year removed from the onset of COVID-19, that

reasoning applies with even more force.[9]  It is indisputable that the current COVID-19 landscape bears little, if any, resemblance to the circumstances existing when the Statewide public school mask mandate was issued in August 2021.  We therefore conclude that the plaintiffs' contention that there is "a likelihood that this [mask mandate] policy should return . . . at the whims of [the department]" is no more than "[s]peculative fear of future litigation," Bronstein v. Board of Registration in Optometry, 403 Mass 621, 627 (1988).

Although the plaintiffs do not specifically argue that the relevant issues, if capable of repetition, likely would evade review before again becoming moot, we pause to reiterate the SJC's response to this concern in nearly identical circumstances involving the broader Statewide mask mandate for all public places.  See Lynn, 489 Mass. at 580.  To date, questions regarding COVID-19 have not been "'evanescent' . . . like ones related to pregnancy, commitment orders, and student suspension"

---

[9] We note the recent Department of Health and Human Services (HHS) announcement that the Federal public health emergency for COVID-19 will expire on May 11, 2023.  The HHS press release indicated that "since the peak of the Omicron surge at the end of January 2022:  [d]aily COVID-19 reported cases are down 92%; COVID-19 deaths have declined by over 80%; and [n]ew COVID-19 hospitalizations are down nearly 80%."  U.S. Department of Health and Human Services, Fact Sheet:  COVID-19 Public Health Emergency Transition Roadmap (Feb. 9, 2023), https://www.hhs.gov/about/news/2023/02/09/fact-sheet-covid-19-public-health-emergency-transition-roadmap.html.

(citation omitted).  Id. at 587.  "Thus, it is impossible to posit whether the circumstances that might spur a new Statewide [public school] mask mandate, if they ever should arise, would not last long enough to enable appellate review of a challenge to such a mandate."  Id.

In sum, where, as here, the underlying issue "has become a 'theoretical dispute'[,] . . . is not apt to evade review if it arises again[,] . . . or is not likely to recur," Lockhart v. Attorney Gen., 390 Mass. 780, 784 (1984), there is no basis for reaching the merits.  See Branch v. Commonwealth Employment Relations Bd., 481 Mass. 810, 815-818, 818 n.17 (2019), cert. denied, 140 S. Ct. 858 (2020).

Conclusion.  The appeals of the People's Freedom Endeavor and the Children's Health Rights of Massachusetts, Inc., are dismissed, not on the merits but because they are moot.  For the same reason, the order of the Superior Court judge denying injunctive relief is vacated.  The case is remanded to the

Superior Court for such further proceedings, if any, as may be appropriate.[10]

So ordered.

By the Court (Englander,
 Grant & Brennan, JJ.[11]),

*Joseph F. Stanton*

Clerk

Entered:  April 4, 2023.

---

[10] Because we do not reach the merits, the local districts' request for appellate attorney's fees and costs is denied.

[11] The panelists are listed in order of seniority.